IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOUTHERN ILLINOIS ASPHALT COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>LILIYA TURUBCHUK, Individually and )<br>as Personal Representative of the Estate of ALEKSEY )<br>TURUBCHUK, Deceased; )<br>VLADIMIR NEMTSOV, as Parent and Guardian of )<br>E. NEMTSOVA, a minor, and V. NEMTSOV, a minor; )<br>LUDMILA NEMTSOVA, )<br>IRINA TURUBCHUK, )<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; )<br>CLARENDON NATIONAL INSURANCE COMPANY;)<br>LIBERTY INTERNATIONAL UNDERWRITERS, INC.)<br>and ACE AMERICAN INSURANCE COMPANY, )<br>)<br>Defendants. ) | No. 3:17-cv-405 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Southern Illinois Asphalt Company, Inc., by and through its attorneys, Black, Ballard, McDonald, P.C., and, pursuant to Rule 57 of the Federal Rules of Civil Procedure, brings its Complaint For Declaratory Judgment, and, in support thereof, states:

1. Southern Illinois Asphalt Company, Inc. is a Delaware corporation with its principal place of business in Missouri.

2. Liliya Turubchuk, individually and as personal representative of the estate of Aleksey Turubchuk, deceased, Vladimir Nemtsov, as parent and

guardian of E. Nemtsova, a minor, and V. Nemtsov, a minor, Ludmila Nemtsova and Irina Turubchuk are all individuals who reside in the State of Washington and are currently plaintiffs in Cause No. 12-CV-594-SMY-DGW.

3. Liberty Mutual Fire Insurance Company is an insurance company incorporated in the State of Wisconsin with its principal place of business in Massachusetts.

4. Clarendon National Insurance Company is an insurance company incorporated in the State of Illinois with its principal place of business in New York.

5. Liberty International Underwriters, Inc. is an insurance company incorporated in the State of Illinois with its principal place of business in Massachusetts.

6. ACE American Insurance Company is an insurance company incorporated in the State of Pennsylvania with its principal place of business in Pennsylvania.

7. The amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. This court has jurisdiction pursuant to 28 U.S.C. §1332.

9. Venue is appropriate in this court pursuant to 28 U.S.C. §1391.

10. Liberty Mutual Fire Insurance Company issued a policy of insurance to Southern Illinois Asphalt, Inc. bearing General Policy Number RG2-631-04090-605, with effective dates of April 1, 2005 through April 1, 2006.

11. Clarendon National Insurance Company issued a policy of insurance entitled Coverage Plus Umbrella Liability Policy covering Southern Illinois Asphalt Company, Inc. and bearing Policy Number XLB 00411049, with a policy period of April 1, 2005 through April 1, 2006.

12. Liberty International Underwriters, Inc. issued a policy of insurance covering Southern Illinois Asphalt Company, Inc. and bearing Policy Number LQ1-B71-073-091-051, with effective policy dates of April 1, 2005 through April 1, 2006.

13. ACE American Insurance Company issued a policy of insurance covering Southern Illinois Asphalt Company, Inc. entitled Excess Liability Catastrophe Policy and bearing Policy Number XCP G22082589, with a policy period of April 1, 2005 through April 1, 2006.

14. The plaintiffs (hereinafter referred to as the Turubchuk plaintiffs) in Cause Number 12-CV-594-SMY-DGW filed a Complaint on May 8, 2012 against E. T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc.

15. The Turubchuk plaintiffs had previously brought suit in 2007 in Cause No. 07-CV-216-WDS seeking to recover for bodily injury and wrongful death arising out of a motor vehicle accident that occurred on Interstate 24 in an area

where E. T. Simonds Construction Company and Southern Illinois Asphalt were involved in a road construction project which included the re-paving of a portion of Interstate 24 in Southern Illinois.

16. E. T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc. were performing the road construction work as a joint venture, a copy of the Joint Venture Agreement being attached hereto and made a part hereof as Exhibit 1.

17. The Turubchuk plaintiffs settled their causes of action for One Million Dollars ($1 million) which were the policy limits of a Bituminous Insurance Company policy which covered a joint venture consisting of E. T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc.

18. The Turubchuk plaintiffs claim in Cause No. 12-CV-594-SMY-DGW that there was actually more insurance coverage available to E. T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc. for the injuries sustained by them. They further contend that because of claimed misrepresentations they would not have settled for the $1 million limit from Bituminous Insurance Company.

19. The parties all filed motions for summary judgment, or partial summary judgment, in 12-CV-594-SMY-DGW.

20. The court ruled on the plaintiffs' Motion For Partial Summary Judgment in Document 199 on January 31, 2017, a copy of which is attached hereto and made a part hereof as Exhibit 2.

21. The court ruled on Southern Illinois Asphalt Company, Inc.'s Motion For Summary Judgment in Document 200 on February 3, 2017, a copy of which is attached hereto and made a part hereof as Exhibit 3.

22. The court ruled on E. T. Simonds Construction Company's Amended Motion For Summary Judgment in Document 201 on February 3, 2017, a copy of which is attached hereto and made a part hereof as Exhibit 4.

23. In the three Orders (Exhibits 2, 3 and 4), the court determined that a joint venture did not exist between E. T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc. Further, the court held that individual policies of insurance covering E. T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc., as opposed to the Bituminous policy which provided coverage for the joint venture, would have afforded coverage for the Turubchuk plaintiffs' claims.

24. Liberty Mutual Insurance issued a reservation of rights letter indicating a willingness to defend the action but reserving its right to disclaim any obligation to indemnify in reference to 12-CV-594-SMY-DGW by its letter of September 7, 2012, a copy of which is attached hereto and made a part hereof as Exhibit 5.

25. Liberty International Underwriters issued a letter of denial of coverage on October 29, 2014, a copy of which is attached hereto and made a part hereof as Exhibit 6.

26. Specialty Claims Management, as third party administrator for Clarendon National Insurance Company, issued its letter of denial as to 12-CV-594-SMY-DGW by its letter of June 16, 2014, a copy of which is attached hereto and made a part hereof as Exhibit 7.

27. ACE American Insurance Company issued its letter of denial of coverage by its letter of November 4, 2014, a copy of which is attached hereto and made a part hereof as Exhibit 8.

28. There exists an actual controversy among the parties. In short, Southern Illinois Asphalt Company, Inc. has contended that the only insurance available to the Turubchuck plaintiffs would be that from the Bituminous policy for the joint venture. The court has made a determination that there was no joint venture and that the individual policies of insurance insuring Southern Illinois Asphalt Company, Inc. did provide coverage for the Turubchuck plaintiffs' claims. As noted in Exhibits 5, 6, 7 and 8, the insurance carriers for Southern Illinois Asphalt Company, Inc. have either denied that coverage was available for the Turubchuck plaintiffs or have reserved their rights to indemnify. Since the four insurance carriers named as defendants in this matter were not parties to 12-CV-594-SMY-DGW, those carriers would not be bound by the court's ruling.

29. That due to the nature of this controversy and the pending litigation in 12-CV-594-SMY-DGW, the court should order a speedy hearing in this matter as provided for in Rule 57 of the Federal Rules of Civil Procedure.

WHEREFORE, the plaintiff, Southern Illinois Asphalt Company, Inc., prays that the court declare and adjudge as follows:

  (a) That the policy of insurance issued by Liberty Mutual Fire Insurance Company bearing general Policy No. RG2-631-04090-605 with effective dates of April 1, 2005 through April 1, 2006 provides both indemnity and defense to Southern Illinois Asphalt Company, Inc. for the claims asserted by the Turubchuk plaintiffs in Cause No. 12-CV-594-SMY-DGW in the District Court for the Southern District of Illinois;

  (b) That the policy of insurance issued by Clarendon National Insurance Company bearing general Policy No. XLB 00411049 with effective dates of April 1, 2005 through April 1, 2006 provides both indemnity and defense to Southern Illinois Asphalt Company, Inc. for the claims asserted by the Turubchuk plaintiffs in Cause No. 12-CV-594-SMY-DGW in the District Court for the Southern District of Illinois;

  (c) That the policy of insurance issued by Liberty International Underwriters, Inc. bearing general Policy No. LQ1-B71-073-091-051 with effective dates of April 1, 2005 through April 1, 2006 provides both indemnity and defense to Southern Illinois Asphalt Company, Inc. for the claims asserted by the Turubchuk plaintiffs in Cause No. 12-CV-594-SMY-DGW in the District Court for the Southern District of Illinois;

(d) That the policy of insurance issued by ACE American Insurance Company bearing general Policy No. XCP G22082589 with effective dates of April 1, 2005 through April 1, 2006 provides both indemnity and defense to Southern Illinois Asphalt Company, Inc. for the claims asserted by the Turubchuk plaintiffs in Cause No. 12-CV-594-SMY-DGW in the District Court for the Southern District of Illinois; and

(e) To enter any and all orders necessary to resolve the controversy among these parties.

Respectfully Submitted,

*/s/ Jerome E. McDonald*

Jerome E. McDonald
BLACK, BALLARD, MCDONALD, P.C.
108 South 9th Street, P. O. Box 4007
Mt. Vernon, Illinois  62864
Tel:     618-242-3310
Fax:    618-242-3175
E-Mail: jmcdonald@illinoisfirm.com
ARDC#: 03127456

Attorneys for Plaintiff,
Southern Illinois Asphalt Company, Inc.